UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY )<br>    Plaintiff; )<br> )<br>v. )<br> )<br>LOCAL 4, INTERNATIONAL UNION )<br>OF ELEVATOR CONSTRUCTORS; )<br>MICHAEL LANGER, INDIVIDUALLY, )<br>and as BUSINESS MANAGER; )<br>KEVIN McGETTIGAN, INDIVIDUALLY, )<br>and as BUSINESS REPRESENTATIVE; )<br>STEVE MORSE, INDIVIDUALLY, and )<br>as BUSINESS REPRESENTATIVE; )<br>and all others conspiring, acting in concert )<br>or otherwise participating with them or )<br>acting in their aid or behalf, )<br> )<br>    Defendants. ) | Docket No.<br><br>05 11213 NMG<br><br>June 9, 2005 |

## TEMPORARY RESTRAINING ORDER AND
## ORDER TO SHOW CAUSE

Upon the Summons and Verified Complaint herein dated June 9, 2005, and good cause appearing therefore, the Court hereby finds:

As more fully set forth in the aforementioned Verified Complaint, by threatening to strike and striking over a dispute that is subject to final and binding arbitration pursuant to a collective bargaining agreement, Defendant Local 4, International Union of Elevator Constructors and their officers, agents and representatives, and all those in concert and participation with them, have violated the collective-bargaining agreement and have substantially impeded and interfered with the Plaintiff's ability to fulfill its contractual obligations to service and install escalators in ~~Boston, Massachusetts~~ the State of Maine with immediate, substantial, and irreparable injury, loss and damage to: /NMG/

WNS
CHLIN
RTIN PLLC

a.  Otis Elevator Company ("Otis") by preventing the Company from fulfilling its contractual obligations, exposing the company to potential termination of favorable contractual relationships and loss of reputation and good will with its customers; and

b.  Otis' customers and the members of the general public who are served by those customers.

And it further appearing to the Court from the Verified Complaint, that a temporary restraining order preliminary to the hearing upon Plaintiff's application for a preliminary injunction should issue because of the unlawful acts alleged; that such unlawful acts by Defendant have already occurred and are openly threatened to continue; that such unlawful acts will likely continue to occur prior to a hearing date unless restrained by an order by this Court; that such acts have caused and will continue to cause immediate and irreparable loss or damage to the Plaintiff before the hearing can be held on Plaintiff's application for a preliminary injunction; in that Defendant's acts have and will continue to seriously disrupt Plaintiff's business, cause Plaintiff to fail to meet business commitments, cause Plaintiff to fail to fulfill its contractual obligations, and cause substantial damage to Plaintiff's business and reputation; that damages to Plaintiff and others resulting from such unlawful acts cannot be fully estimated or compensated in money, and that because thereof, the damages which Plaintiff will so sustain will be immediate, substantial, and irreparable for which Plaintiff has no adequate remedy at law; and Plaintiff having made no previous application for the relief requested herein, it is hereby:

ORDERED that pending the determination of this application for a preliminary injunction or for a period not to exceed __14__ days or until the __23rd__ day of __June__ at __5:00 P.M.__

o'clock a.m./p.m., or as soon thereafter as counsel can be heard, unless this order be dissolved prior thereto or extended, then or thereafter, whichever is sooner:

Defendant, its officers, agents, representatives, members, employees and attorneys, and all persons in active concert or participation with them having notice from any source or in any manner of the entry of this order be and hereby are enjoined and

(1) restrained from calling, causing, inducing, encouraging, authorizing, conducting, continuing in or engaging in any strike, concerted work stoppage, concerted work slow down, sit-down or refusal to work or any other act of coercion or interference with Plaintiff's normal operations;

(2) by Union discipline, penalty or otherwise restrained from interfering with or inducing or attempting to induce any person to interfere with any employee or agent of Plaintiff in the course of any such employee's or agent's work for Plaintiff;

(3) by threats or otherwise, restrained from interfering with or inducing or attempting to induce any person to interfere with or otherwise affect the ordinary continuation of Plaintiff's business and from taking any action which would interfere with this Court's jurisdiction in the premises;

(4) restrained from causing, inducing, conducting or carrying out any concerted activity of any kind having the effect of interfering with the Plaintiff's normal operations prior to the hearing of Plaintiff's application for a preliminary injunction;

(5) directed to take all reasonable means to communicate and effectuate the provisions of the orders issued by the Court, including but not limited to the holding of meetings with employees represented by Defendant Local 4, International Union of Elevator Constructors ("Local 4") and the issuance forthwith of appropriate notices or other communications to the

members, officers and agents of Defendant, and all those in active concert with them, requiring the immediate return to work of all employees of Plaintiff represented for collective-bargaining purposes by Defendant Local 4 and rescinding any oral or written notices, orders, directions, or requests to employees of Plaintiff authorizing, directing, inducing or encouraging any strike, slow down, work stoppage or other limitation upon production; and

IT IS FURTHER ORDERED, that Plaintiffs shall post a bond in the amount of $10,000.— conditioned as required by law, no later than Monday, June 13, 2005 at 5:00 o'clock a.m./p.m.

IT IS FURTHER ORDERED that the Defendants, their officers, agents, representatives, members, employees and attorneys, and all persons in active concert or participation with them, appear before the Honorable Nathaniel M. Gorton, a Judge of this Court in the United States Courthouse located at One Courthouse Way, Boston, Massachusetts on the Thurs day of June 23, 2005, at 3:00 o'clock a.m./p.m., or as soon thereafter as counsel can be heard, to show cause why this Court should not enter an order granting Plaintiff a preliminary injunction, to be effective during the pendency of this action, for the relief sought in the Complaint, pursuant to Federal Rule of Civil Procedure 65 and the Labor-Management Relations Act, 29 U.S.C. § 185; and Plaintiff shall file and serve any and all supporting papers on or before Wed, June 22, 2005 (at Noon); and Defendants shall file and serve any and all opposing papers on or before Mon., June 20, 2005 (at Noon)

And, IT IS FURTHER ORDERED pursuant to Rule 6(d) of the Federal Rules of Civil Procedure that service of this Order to Show Cause and Temporary Restraining Order and a copy of the papers upon which they are granted, if made on or before _____ o'clock a.m./p.m. on [month/day/year] shall be deemed sufficient service thereof.

NMG

June 9, 2005     5:55 P.M.
Date             Time

~~Presiding Judge~~ Nathaniel M. Gorton
United States District Judge