UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————
                                              )
OTIS ELEVATOR COMPANY,            )
            Plaintiff                          )
                                              )
v.                                            )
                                              )
LOCAL 4, INTERNATIONAL UNION       )        C.A. No. 05-11213NMG
OF ELEVATOR CONSTRUCTORS;         )
MICHAEL LANGER, INDIVIDUALLY,      )
and as BUSINESS MANAGER: KEVIN     )
McGETTIGAN, INDIVIDUALLY, and       )
as BUSINESS REPRESENTATIVE;        )
STEVE MORSE, INDIVIDUALLY, and      )
as BUSINESS REPRESENTATIVE, and     )
all others conspiring, acting in concert or   )
otherwise participating with them or acting  )
in their aid or behalf.                      )
            Defendants                       )
———————————————————  )

## AFFIDAVIT OF JUAN BARAJAS

1.      I live at 22 Pleasant Street, Lewiston, Maine.

2.      I am currently employed by Otis Elevator as a mechanic and work out of its

Westbrook, Maine branch office.  I have worked for Otis Elevator since 1984.  I generally work

from 7:00 a.m. to 3:30 p.m. and am paid as an hourly employee.

3.      I have been a member of International Union of Elevator Constructors Local 4

since May, 1999 when it merged with Local 95.  I had been a member of Local 95 since 1984.

4.      I teach in Local 4's Apprenticeship School in Maine and Eric Smith was an

apprentice in my class.  I had spoken with Eric Smith in May and asked him how it was going.

He told me that he had worked with John Gorecki and had gotten a ride with him.  He saw

Gorecki's wife hand Gorecki a pistol and holster and saw Gorecki strap it on. It concerned Eric and he did not want to work with Gorecki.

5.      I didn't blame him. Elevator work is dangerous and it's very important to feel safe and be safe when you're working with someone. From my own experience with Gorecki, I didn't find him to be a trustworthy person and I wouldn't work with him. Gorecki had taken classes at the school and had to miss some classes to travel to Russia where he was adopting a child. The school tried to help him out under the circumstances and did not require him to make up the classes he missed. In addition, many of the other apprentices helped him out by buying items such as recipe books and teddy bears that Gorecki was selling to raise money for his trip. Despite this, Gorecki turned on the Apprenticeship School and, by extension, his co-employees and filed a complaint with Otis saying that the School had acted fraudulently by not requiring him to make up the classes. We all felt "ripped off by" and taken advantage of by Gorecki as a result. The fact that he resigned from membership was not, by itself an issue. It was that he took advantage of everything the Union had to offer as well as the support of his fellow Union members and then turned on everyone by taking care of the advantages without carrying his own share of the dues.

6.      When I heard that the Company had given Eric Smith a warning and threatened to fire him if he refused to work with Gorecki, I thought the Company was being completely unfair to Eric. First, Eric had a right to refuse to work with someone with whom he did not feel safe. Furthermore, the Company had permitted other employees to make switches in the past without any repercussions. For example, some time within the last two years an apprentice named Bert Pelletier decided he didn't want to work with me. The Company let him switch and work with my brother, Miguel. That was not the first time this has happened. The Company has always

2

been flexible about letting people switch when the working relationship is not working out. I also thought it was more than enough punishment to simply be put on the bench. This is the Union's unemployment list from which an employee is free to be referred to another company to work.

7.    On June 7, 2005, we (Local 4 Otis employees) met at Otis' Westbrook office to talk with the Company about the letter Eric received. Doug asked us to give them 24 hours to investigate our concerns. He assured us that no one would have to work with Gorecki that day. He asked us to return to work and we did.

8.    The next day, we returned to the office to hear Doug's answer to our concerns. He told us that he didn't' think there was any problem with Gorecki carrying a gun on his own time and that he had a permit to do so. He said that the next employee who refused to work with Gorecki would be disciplined.

9.    After talking with my co-workers, I decided not to report to work on June 8. I thought that it was important to support Eric.

10.    Local 4 had nothing to do with my decision to stay home from work. In fact, the night of June 8, I received a phone call from Mike Langer telling me that I had to go back to work and to tell everyone else to return to work. Mike said that the Union did not and could not support our staying out of work and that he would be sending everyone a letter telling them to return.

11.    It would be very inconvenient for me to have to travel to Boston, Massachusetts for a trial or hearing in this case. It takes approximately 2 to 2½ hours to travel to Boston from my house whereas it takes me only 40 minutes or so to travel to Portland. Having to travel to

Boston would mean losing a full day's pay whereas, if the hearing was in Maine, I would only

have to lose part of a day's pay.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF

JUNE, 2005.

/s/ Juan Barajas
Juan Barajas

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit of Juan Barajas has been served by first class mail upon the attorneys for the plaintiff, Otis Elevator Company, Timothy E. Copeland, Jr. and Peter B. Robb at Downs Rachlin Martin PLLC, 80 Linden Street, P.O. Box #9, Brattleboro, VT 05302 and Nathan L. Kaitz, Laurence J. Donoghue and M. Amy Carlin at Morgan, Brown & Joy, LLP at 200 State Street, 11th Floor, Boston, MA  02109 this 20th day of June, 2005.

/s/ Anne R. Sills
Anne R. Sills, Esquire

ARS/ars&ts
PFK 3002 05-213/affbarajas,j.doc

4