UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OTIS ELEVATOR COMPANY,<br>Plaintiff<br><br>v.<br><br>LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER: KEVIN<br>McGETTIGAN, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE;<br>STEVE MORSE, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE, and<br>all others conspiring, acting in concert or<br>otherwise participating with them or acting<br>in their aid or behalf.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-11213NMG |

## AFFIDAVIT OF MICHAEL S. CHAPMAN

1. I live at 487 Benton Road, Albion, Maine.

2. I am employed by Otis Elevator.

3. I am a proud member of International Union of Elevator Constructors Local 4 and have been since October, 1988.

4. On the morning of Tuesday, June 7, 2005, myself with several Otis field employees met at the Otis Westbrook office with concerns that management was demanding the guys to work with John Gorecki. Management sent Dick Hogue, construction supervisor and Doug Christiansen who is regional operations manager out to the parking lot to meet with us. This is the first time in my 17 years working for Otis Elevator that I have ever met with or seen

Doug Christensen or any other Otis regional manager. I asked Doug why he was there and if he anticipated us assembling at the office. He smirked and said "yes."

5. The Company gave a written warning to helper Eric Smith for not working with John Gorecki. When asked, Dick Hogue said he has work for Eric Smith and he asked where Eric is. Someone said Eric is working for Schindler Elevator in Massachusetts. Dick Hogue was asked if the work was with John Gorecki and he said "yes." Dick Hogue also said that if Eric Smith refused the work he would be disciplined by the Company and possibly fired.

6. We told Dick and Doug that we felt that it is not right to demand an employee to work with another against a person's will. We told Dick and Doug that we do not trust or feel safe working with Gorecki. We told Dick and Doug about an incident where John Gorecki had a pistol when Gorecki was giving Eric Smith a ride in Bangor, Maine to his vehicle. Dick said he had heard about this the day before and Doug said it was the first time he heard about it. We told management that we felt this to be intimidating and harassment. Doug said to give him 24 hours to investigate the gun incident. We asked if it would be okay to meet as a group for his response and he said that would be okay. We left after this to go to work.

7. On the morning of June 8, 2005 at about 8:00 a.m. we met at the Otis Westbrook office to listen to Doug Christenson's response to John Gorecki having a gun when transporting employee Eric Smith. Again, as the day before, Doug Christenson and Dick Hogue were at the meeting to talk to us. They said that they went to Bangor, Maine to talk with Gorecki and found his story consistent with ours about the gun. Doug said that there was nothing wrong with what Gorecki did and he broke no laws. He said that if the gun was being carried on Company time or in a Company vehicle he would be fired. I asked Doug what time of day the gun incident occurred. He did not know. I asked Doug what the difference is between when I was accused of

calling Gorecki's house after work hours and leaving a message that said "John, you're an asshole," (I was given a written warning for this, they said that it was harassment) and why John was not given a warning for harassment with the gun. Doug told me if I didn't like the warning I was given then to grieve it. I told him I will. I asked Doug and Dick why Scott Fraser said yesterday to mechanic John Dondero that mechanic Rob Burpee will never work for Otis Elevator again. They had no response.

8. I never discussed my decision to stop work with Local 4, Mike Langer, Kevin McGettigan or Steve Morse. I considered this to be a local issue and that we, Smith's Union brothers, had an obligation to support him.

9. It would be very inconvenient for me to have to travel to Boston for a hearing or trial in this case. The trip from Albion, Maine takes about 4 hours and could be longer with traffic.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF JUNE, 2005.

/s/ Michael S. Chapman
Michael S. Chapman

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Affidavit of Michael S. Chapman has been served by first class mail upon the attorneys for the plaintiff, Otis Elevator Company, Timothy E. Copeland, Jr. and Peter B. Robb at Downs Rachlin Martin PLLC, 80 Linden Street, P.O. Box #9, Brattleboro, VT 05302 and Nathan L. Kaitz, Laurence J. Donoghue and M. Amy Carlin at Morgan, Brown & Joy, LLP at 200 State Street, 11th Floor, Boston, MA 02109 this 20th day of June, 2005.

/s/ Anne R. Sills
Anne R. Sills, Esquire

ARS/ars&ts
PFK 3002 05-213/affchapman.doc

3