UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OTIS ELEVATOR COMPANY,<br>    Plaintiff<br><br>v.<br><br>LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER: KEVIN<br>McGETTIGAN, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE;<br>STEVE MORSE, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE, and<br>all others conspiring, acting in concert or<br>otherwise participating with them or acting<br>in their aid or behalf.<br>    Defendants | C.A. No. 05-11213NMG |

## AFFIDAVIT OF JOHN DONDERO

1. I live at 766 Hudson Road, Lot #4, Glenburn, Maine. Glenburn is located north of Bangor, Maine.

2. I am currently employed by Otis Elevator as a mechanic and work out of its Bangor, Maine branch office. I have worked for Otis Elevator since November, 1999. I generally work from 7:30 a.m. to 4:00 p.m. and am paid as an hourly employee.

3. I am a member of International Union of Elevator Constructors Local 4 and have been since November, 1999. I am proud to be a member of my Union and was upset to hear that Otis employee John Gorecki had resigned from being a full Union member and had chosen to be a Beck objector. I felt that Gorecki took advantage of the Union when it was to his benefit and

then turned on the Union when he felt it was more beneficial to him. I believe this undermines the Union and the sacrifices that Union members have made throughout history for the good of all.

4.   In fact, I had several issues with Gorecki and would not have wanted to work with him, particularly after learning that he carried a gun. Given how Gorecki acts, I didn't blame anyone else for not wanting to work with him either. He is not trustworthy. My feelings about not working with him have nothing to do with him being a Beck member even though I don't agree with him on that. In fact, there's another Beck objector, Pat Oroak, who's currently on the bench, but I would have no trouble working with him.

I've been in two car accidents, both with Gorecki driving. He listens to Slim Shady and bangs his head on the steering wheel while he's driving and acts in a spastic way. When someone is assigned to work with him they would often have to drive with him so safety is a real concern. Once, while we were discussing politics in the office he got so upset that, without warning, he slammed a folder down in front of me and came close to my face. It kind of freaked me out.

5.   For all of these reasons, I was upset that the Company had disciplined Eric Smith for refusing to work with Gorecki, especially since I know of at least one occasion when the Company honored an employee's request to switch helpers. About a year ago, mechanic Steve Pettersen complained that he could not work with helper Tom Hebert and the Company switched Hebert to someone else.

6.   I was also upset by the statement Otis manager Scott Fraser made to me on or about Wednesday, June 8, 2005 that Otis could not discipline Rob Burbee for declining to work

with Gorecki because he was "on the bench" but that Rob would never be employed by Otis in the Northeast again.

7.      Because of the Company's actions toward Smith and what Fraser said about Burbee, I chose not to work on June 8, 2005. I told Fraser that I was choosing not to work to support Eric Smith and that I disagreed with his being disciplined for refusing to work with Gorecki, whatever his reason for refusing was. I also called Fraser that evening and told him that I had spoken with Gorecki. I have read Fraser's affidavit in this case and thoroughly dispute his version of that conversation. I never told either Gorecki or Fraser that if Gorecki came back to the union, the union would support him and that the union wanted him to join in solidarity with Eric Smith. I told Gorecki that if he rejoined I would help him and that I thought a lot of the other guys would help him also if there were any problems with the union.

8.      On Friday, June 10, 2005 I went to the office and, when Fraser asked me "are you guys working today?" I told him that "I am working; I don't know what everyone else is doing." During that conversation, Fraser said something to the effect of "we did not expect this to happen. We were hoping, in fact, that more people would do what John's doing."

9.      Local 4 had nothing to do with my decision to stop working and I did not discuss my decision with Mike Langer, Kevin McGettigan or Steve Morse before I decided not to work. I also told Scott Fraser on Tuesday, Wednesday and on Friday that the Union and Local 4 had nothing to do with my decision. I considered this to be a local matter and that it was our responsibility, Eric Smith's Union brothers, to stand up for him and for his right to refuse to work with someone he was uncomfortable working with. As far as I know, my co-workers who made the same decision to stop working that I did, had not talked to Langer, McGettigan or

Morse either.  In fact, I was upset when I received a letter from Mike Langer directing us to return to work.  I felt that the Union should have supported us and Eric Smith.

10.   It would be very inconvenient for me to have to travel to Boston, Massachusetts for a trial or hearing in this case.  It takes approximately 4 - 4½ hours to travel to Boston from my house.  This is substantially longer than the 2½ hours it would take to travel to Portland.  Also, I would have to use lose a full day's pay whereas, if the hearing was in Maine, I would only have to lose part of a day's pay.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF JUNE, 2005.

/s/ John Dondero
John Dondero

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit of John Dondero has been served by first class mail upon the attorneys for the plaintiff, Otis Elevator Company, Timothy E. Copeland, Jr. and Peter B. Robb at Downs Rachlin Martin PLLC, 80 Linden Street, P.O. Box #9, Brattleboro, VT  05302 and Nathan L. Kaitz, Laurence J. Donoghue and M. Amy Carlin at Morgan, Brown & Joy, LLP at 200 State Street, 11th Floor, Boston, MA  02109 this 20th day of June, 2005.

/s/ Anne R. Sills
Anne R. Sills, Esquire

ARS/ars&ts
3002 05-213/affdondero.doc