UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OTIS ELEVATOR COMPANY,<br>          Plaintiff<br><br>v.<br><br>LOCAL 4, INTERNATIONAL UNION<br>OF ELEVATOR CONSTRUCTORS;<br>MICHAEL LANGER, INDIVIDUALLY,<br>and as BUSINESS MANAGER: KEVIN<br>McGETTIGAN, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE;<br>STEVE MORSE, INDIVIDUALLY, and<br>as BUSINESS REPRESENTATIVE, and<br>all others conspiring, acting in concert or<br>otherwise participating with them or acting<br>in their aid or behalf.<br>          Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-11213NMG |

## AFFIDAVIT OF ERIC M. SMITH

1.    I live at 17 Goss Lane, Pownal, Maine.

2.    I am no longer employed by Otis Elevator. However, I worked for Otis as an apprentice from August, 2003 until this June.

3.    I am a proud member of International Union of Elevator Constructors Local 4 and have been since I came from a non-union shop to Otis in 2003.

4.    Mechanic John Gorecki also came to Otis from a non-union shop and I was very disappointed to learn in April, 2005 that he had resigned from membership and was no longer paying dues. I felt that he had taken advantage of the Union and my Union brothers by gaining all the benefits of working in a Union shop and being trained in a Union school so that he could

attain his current position as a mechanic and then turning around and resigning from the Union so that he would no longer have to pay dues.  In my mind, that made him untrustworthy.

     5.     In addition, he acted rather strangely.  In May, 2005, I was assigned to work with him and I remember one occasion when we were driving north from Bangor and he started banging wildly on the steering wheel saying that he was having a sugar high.  He was not acting like a responsible adult.  Then, I saw him strap on a gun and holster.  This disturbed me not because I thought he'd use the gun on me but because it seemed very strange that he would be driving around the city with a gun, especially in front of his two children.

     6.     Because of these incidents I did not feel safe working with Gorecki.  This is a very dangerous profession and you have to rely on your partner.  Gorecki did not seem very stable to me.

     7.     At a Union meeting we had a discussion about Gorecki's resignation from the Union.  No one told me I had to stop working with him but I decided that I did not feel comfortable working with him any longer and stated that I would not work with him.  Again, it was not because of the fact that he had resigned from the Union.  It had to do with how he had taken advantage of everyone.

     8.     After I received a disciplinary letter from the Company, I received many calls from my Union brothers.  They asked me what happened and when I told them, they all expressed their support for me.  Many people said that they wanted to pressure the Company to put me back to work, erase the letter from my file and permit me to work with someone I was comfortable with.  No one mentioned that they had discussed this with our Local 4 representatives or that those representatives had told them to stop working.

9. It would be very inconvenient for me to have to travel to Boston, Massachusetts for a trial or hearing in this case. It takes approximately 3½ hours to travel to Boston from my house.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20th DAY OF JUNE, 2005.

/s/ Eric M. Smith
Eric M. Smith

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit of Eric M. Smith has been served by first class mail upon the attorneys for the plaintiff, Otis Elevator Company, Timothy E. Copeland, Jr. and Peter B. Robb at Downs Rachlin Martin PLLC, 80 Linden Street, P.O. Box #9, Brattleboro, VT 05302 and Nathan L. Kaitz, Laurence J. Donoghue and M. Amy Carlin at Morgan, Brown & Joy, LLP at 200 State Street, 11th Floor, Boston, MA 02109 this 20th day of June, 2005.

/s/ Anne R. Sills
Anne R. Sills, Esquire

ARS/ars&ts
PFK 3002 05-213/affsmith.doc