UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
OTIS ELEVATOR COMPANY,              )
         Plaintiff                  )
                                    )
v.                                  )
                                    )
LOCAL 4, INTERNATIONAL UNION        )    C.A. No. 05-11213NMG
OF ELEVATOR CONSTRUCTORS;           )
MICHAEL LANGER, INDIVIDUALLY,       )
and as BUSINESS MANAGER: KEVIN      )
McGETTIGAN, INDIVIDUALLY, and       )
as BUSINESS REPRESENTATIVE;         )
STEVE MORSE, INDIVIDUALLY, and      )
as BUSINESS REPRESENTATIVE, and     )
all others conspiring, acting in concert or )
otherwise participating with them or acting )
in their aid or behalf.             )
         Defendants                 )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR ATTORNEYS FEES**

**I.   Introduction**

Defendants have requested fees and costs expended in defense of a suit for injunctive relief under an exception to the Norris-LaGuardia Act, 29 U.S.C. § 101 et seq.  Norris- LaGuardia imposed severe limitations on the power of federal courts to issue injunctions in labor disputes.  Included in the Norris-LaGuardia Act was a provision that Plaintiffs seeking temporary relief post a bond to protect against improvidently issued orders.  In 1970 the Supreme Court recognized a narrow

exception[1] to the Norris-LaGuardia Act to specifically enforce a no-strike promise when a union was striking over an arbitrable dispute. Boys Markets v. Retail Clerks, Local 770, 398 U.S. 235 (1970). The bond requirements of Norris-LaGuardia apply to Boys Markets cases. United States Steel Corp. v. United Mine Workers, 456 F.2d 483, 487-90 (3 Cir. 1972); J.A.Jones Construction Co. v. Plumbers and Pipefitters, Local 598, 568 F.2d 1292 (9 Cir. 1978). See Machinists v. Eastern Airlines, 925 F.2d 6 (1 Cir. 1991).

## II.     Legal Support for Defendants' Request

There are two analytically separate grounds for an award of fees in favor of the Defendants. First, the Defendants' were required to appear and defend against plaintiff's request for the temporary restraining order. Second, they were required to show cause why the preliminary injunction should not enter. Both efforts required Defendants to engage counsel and defend against Plaintiff's claims.

29 U.S.C. § 107 provides in pertinent part:

"No temporary restraining order or temporary injunction shall be issued except on condition that complainant shall first file an undertaking with adequate security in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage caused by the improvident or erroneous issuance of such order or injunction, including all reasonable costs (together with a reasonable attorney's fee) and expense of defense against the order or against the granting of any injunctive relief sought in the same proceeding and subsequently denied by the court."

---

[1] Justice Brennan stated, "Our holding in the present case is a narrow one. We do not undermine the vitality of the Norris-LaGuardia Act." 398 U.S. at 253.

### A. The temporary restraining order was improvidently granted

Plaintiff caused the dispute for which it requested judicial relief by disciplining certain employees who either refused to work with a particular co-worker or who had engaged in what Plaintiff determined to be inappropriate conduct toward the same co-worker. Plaintiff's Memorandum in Support of its Application for a TRO at 3-6. The discipline of Apprentice Smith was followed by a "sick out" of Plaintiff's union workers. Plaintiff's inability to deal with the problem it created caused it to apply to the Court for relief. The Court granted Otis temporary relief.

The only question of fact that needed to be addressed was whether the Union was responsible for the "sick out". A June 23rd preliminary injunction hearing was scheduled for that purpose. The Union submitted affidavits supporting its position that the concerted activity about which Otis had complained had been the action of the workers, not the Union. This evidence, unavailable on the evening of June 9th when the TRO issued, supports the Union's position under 29 U.S.C. § 107, that the temporary restraining order was improvidently granted.

### B. The voluntary dismissal of the action is a concession that Plaintiff had no right to a preliminary injunction.

The procedural posture of this case (Plaintiff obtained temporary relief and then voluntarily dismissed the action before the injunction hearing) recalls the procedural posture of the J.A. Jones case, *supra*. The Court, in that case, commented on the impact of dismissal as follows:

"The fact that Jones voluntarily dismissed its complaints for preliminary and permanent injunction does not conclusively establish that the restraining order was wrongfully issued. Jones' voluntary dismissal is a confession that it has no right to a

3

preliminary or a permanent injunction (<u>Janssen v. Shown</u>, 53 F.2d 608, 611 (9th Cir. 1931),) but it is not a confession that the restraining order was erroneously or improvidently issued. The restraining order may have rendered further injunctive relief unnecessary and the issue moot, as the district court found here. A contrary rule would have the undesirable effect of prolonging expensive litigation which serves no useful purpose." <u>J. A. Jones Const. Co. v. Plumbers and Pipefitters Local 598,</u> 568 F.2d 1292, 1294 (9 Cir. 1978).

There can be no doubt that Plaintiff did not pursue its request for preliminary injunctive relief. Nor can there be any doubt that Plaintiff caused Defendants to go to the time and expense of defending the request for a preliminary injunction. The net effect is the same as if Plaintiff's injunction request had been denied. Defendants had been put to the expense of defense.

**III.    Conclusion**

The Local 4 defendants were asked to defend a request for injunctive relief that was ultimately abandoned. Norris LaGuardia's requirement that a bond be posted to protect defendants against the costs of defense of a wrongfully issued order is broad enough to require a plaintiff who voluntarily dismisses his injunction request to recompense the defendants for the expense of defense. The motion for attorneys fees should be allowed.

4

                                      LOCAL 4, INTERNATIONAL UNION
                                      OF ELEVATOR CONSTRUCTORS,
                                      AFL-CIO
                                      By their attorneys,

                                      /s/ Paul F. Kelly
                                      Paul F. Kelly, Esquire
                                      BBO #267000
                                      Anne R. Sills, Esquire
                                      BBO #546576
                                      Segal, Roitman and Coleman
                                      11 Beacon Street, Suite #500
                                      Boston, MA  02108
Dated:  October 24, 2005            (617) 742-0208

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of foregoing Memorandum in Support of Defendants' Motion for Attorneys Fees was served upon Timothy E. Copeland, Jr., Esq., Downs, Rachlin & Martin, 80 Linden Street, PO Box 9, Brattleboro, VT 05302-00009,  via first class mail, postage prepaid, this 24th day of October, 2005.

                                      /s/ Paul F. Kelly
                                      Paul F. Kelly