United States District Court
District of Massachusetts

```
_____
                              )
OTIS ELEVATOR COMPANY,        )
                              )
        Plaintiff,            )
                              )    Civil Action No.
        v.                    )    05-11213-NMG
                              )
LOCAL 4, INTERNATIONAL UNION OF )
ELEVATOR CONSTRUCTORS et al., )
                              )
        Defendants.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Defendants move this Court, pursuant to 29 U.S.C. § 107, to issue an order that they be recompensed for the fees and expenses incurred in defending an action brought against them by plaintiff, Otis Elevator Company ("Otis"), on June 9, 2005. On that date, this Court 1) issued a temporary restraining order ("TRO") against defendants, 2) scheduled a hearing on Otis's motion for a preliminary injunction ("PI") for June 23, 2005, and 3) ordered Otis to post a bond as required by law. On June 21, 2005, Otis informed the Court that the dispute had been resolved and that a hearing on the PI would be unnecessary. Two weeks later Otis filed a notice of voluntary dismissal.

As grounds for its present motion, defendants argue that 1) the TRO was improvidently granted and 2) the voluntary dismissal of the action is a concession by Otis that it had no right to a

PI.  This Court disagrees with defendants on both counts.

With respect to the TRO, this Court concludes that, based on the evidence presented to it before and during the hearing on June 9, 2005, its decision to allow the TRO against defendants was not improvident.  The Supreme Court held in <u>Boys Market, Inc.</u> v. <u>Retail Clerks Union, Local 770</u>, 398 U.S. 235 (1970), that to obtain injunctive relief against a work stoppage, a moving party must show 1) the existence of a collective-bargaining agreement containing a binding grievance and arbitration provision, 2) a breach of a no-strike obligation, 3) that the breach concerns a dispute the parties are required to arbitrate and 4) the injunctive relief is justified under ordinary principles of equity.  <u>Id.</u> at 254.  Otis provided evidence at the hearing on the TRO that satisfied all of those elements.  Moreover, the Court doubted at the time of the hearing, and continues to doubt, the defendants' claims that their members were individually responsible for the work stoppage and that they bore no responsibility of their own.

Defendants' second argument is similarly unavailing.  In fact, the case cited by defendants, <u>J.A. Jones Construction Co.</u> v. <u>Plumbers and Pipefitters Local 598</u>, 568 F.2d 1292 (9th Cir. 1978), undermines their contention.  The Ninth Circuit Court of Appeals stated in <u>J.A. Jones</u> that voluntary dismissal

> is not a confession that the restraining order was erroneously or improvidently issued.  The restraining order

> may have rendered further injunctive relief unnecessary and
> the issue moot, as the district court found here. A
> contrary rule would have the undesirable effect of
> prolonging expensive litigation which serves no useful
> purpose.

Id. at 1294. In this case, the TRO brought the work stoppage to an end. Employees returned to work on June 10, 2005, and apparently continued their regular employment without further interruption. Finding its motion for a PI superfluous, and after consulting with defendants, Otis informed the Court that the hearing on the PI was unnecessary. With no indication of an imminent work stoppage, Otis filed its notice of dismissal two weeks later. Otis should not now be penalized for seeking a swift resolution to this action.

Defendants have offered this Court no factual or legal support to justify an award of attorneys' fees and expenses. Thus, in accordance with the foregoing, Defendants Motion for Attorneys' Fees (Docket No. 29) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated June 1, 2006